**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Starry Group Holdings, Inc.** |
| 2. | All other names debtor used in the last 8 years Include any assumed names, trade names and *doing business as* names | **FirstMark Horizon Acquisition Corp.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **87-4759355** |

4. Debtor's address

**Principal place of business**

**38 Chauncy Street**
**Suite 200**
**Boston, MA 02111**
Number, Street, City, State & ZIP Code

**Suffolk**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. Debtor's website (URL)   **https://starry.com**

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor **Starry Group Holdings, Inc.**      Case number *(if known)* _____
  Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **5171**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District _____ | | When _____ | | Case number _____ | |
| | District _____ | | When _____ | | Case number _____ | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor     **See attached Schedule 1**      Relationship _____

District _____    When _____    Case number, if known _____

Debtor  **Starry Group Holdings, Inc.**                          Case number (if known) _____
_____
Name

---

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency    _____

         Contact name       _____

         Phone              _____

---

**■ Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Starry Group Holdings, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02/20/2023
           MM / DD / YYYY

**X**   */s/ William J. Lundregan*                          William J. Lundregan
Signature of authorized representative of debtor          Printed name

Title    **Authorized Officer**

**18. Signature of attorney**

**X**   */s/ Kara Hammond Coyle*                  Date   02/20/2023
Signature of attorney for debtor                       MM / DD / YYYY

**Kara Hammond Coyle**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**    Email address   **kcoyle@ycst.com**

**4410 DE**
Bar number and State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Starry Group Holdings, Inc. | 87-4759355 |
| Starry, Inc. | 47-2299616 |
| Connect Everyone LLC | 85-2075896 |
| Starry Installation Corp. | 84-3867000 |
| Starry (MA), Inc. | 32-0482010 |
| Starry Spectrum LLC | N/A |
| Testco LLC | 37-1785226 |
| Starry Spectrum Holdings LLC | 36-4919444 |
| Widmo Holdings LLC | 32-0519208 |
| Vibrant Composites Inc. | 27-3808431 |
| Starry Foreign Holdings Inc. | 83-3493025 |
| Starry PR Inc. | 88-3951214 |

Official Form 201A (12/15)

# United States Bankruptcy Court
## District of Delaware

In re __Starry Group Holdings, Inc.__

Debtor(s)

Case No. _____

Chapter __11__

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-41336__.

2. The following financial data is the latest available information and refers to the debtor's condition on __09/30/2022__

a. Total assets                    $ _____ 270,649,000.00

b. Total debts (including debts listed in 2.c., below)      $ _____ 309,790,000.00

c. Debt securities held by more than 500 holders: **None**

                                                                             Approximate number of holders: 0

| | | | | amount | holders |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | NA | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | NA | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | NA | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | NA | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | NA | 0 |

d. Number of shares of preferred stock              0              0

e. Number of shares common stock             168,140,898          0

Comments, if any:

**None**

3. Brief description of Debtor's business:

**The Debtors are a fixed wireless broadband internet service provider.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**Capital III, LP**

**Cede & Cofirstmark**

**Chaitanya Kanojia**

**QSI, Inc.**

**Tracie Longman**

**UNANIMOUS WRITTEN CONSENT**
**OF THE APPROVING PARTY OF**
**EACH COMPANY LISTED BELOW**

**February 20, 2023**

The undersigned, being (a) all members of the Board of Directors or (b) the sole member, as applicable (in each case, an "**Approving Party**" and, collectively, the "**Approving Parties**"), of the following corporations and limited liability companies:

(i)      Starry Group Holdings, Inc., a Delaware corporation;
(ii)     Starry, Inc., a Delaware corporation;
(iii)    Connect Everyone LLC, a Delaware limited liability company;
(iv)    Starry Installation Corp., a Delaware corporation;
(v)     Starry (MA), Inc., a Massachusetts corporation;
(vi)    Starry Spectrum LLC, a Delaware limited liability company;
(vii)   Testco LLC, a Delaware limited liability company;
(viii)  Starry Spectrum Holdings LLC, a Delaware limited liability company;
(ix)    Widmo Holdings LLC, a Delaware limited liability company;
(x)     Vibrant Composites Inc., a Delaware corporation;
(xi)    Starry Foreign Holdings Inc., a Delaware corporation; and
(xii)   Starry PR Inc., a Delaware corporation

(each such entity, a "**Company**" and, collectively, the "**Companies**"), do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) certificate of incorporation, articles of incorporation or certificate of formation, as applicable, and (ii) bylaws or LLC Agreement (as defined below), as applicable, and (b) the applicable provisions of (i) the General Corporation Law of the State of Delaware, (ii) the Limited Liability Company Act of the State of Delaware (the "**Delaware LLC Act**"), and (iii) the Massachusetts Business Corporations Act, as applicable, the following resolutions and authorize the taking of all actions contemplated hereby:

**WHEREAS**, reference is hereby made to the following limited liability company agreements: (i) the Limited Liability Company Agreement of Connect Everyone LLC, dated July 13, 2020; (ii) the Limited Liability Company Agreement of Starry Spectrum LLC, dated November 16, 2015; (iii) the Limited Liability Company Agreement of Testco LLC, dated June 1, 2015; (iv) the Amended and Restated Limited Liability Company Agreement of Starry Spectrum Holdings LLC, dated September 17, 2018; and (v) the Limited Liability Company Agreement of Widmo Holdings LLC, dated February 15, 2017 (collectively, the "**LLC Agreements**", and each an "**LLC Agreement**");

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with management and the legal and financial advisors of such Company to fully consider, and has considered, the strategic alternatives available to such Company; and

**WHEREAS**, the Approving Party of each Company desires to adopt and approve the following resolutions.

## I.   **Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of such Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case of such Company, with a view to the successful prosecution of the Chapter 11 Case of such Company (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

## II.   **Restructuring Support Agreement**

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined it is in the best interests of each Company to enter into a restructuring support agreement (together with any exhibits and other attachments annexed thereto, the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation of authority set forth herein); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Restructuring Support Agreement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.  Plan and Disclosure Statement

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined it is in the best interests of each Company to approve the chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "**Plan**") and associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "**Disclosure Statement**") on terms and conditions substantially similar to those set forth in the form of Plan and Disclosure Statement previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation set forth herein); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Plan and Disclosure Statement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Plan and Disclosure Statement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Plan and Disclosure Statement; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Plan and Disclosure Statement and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## IV.  Bidding Procedures

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined it is in the best interests of each Company to approve bidding procedures (together with any exhibits and other attachments annexed thereto, the "**Bidding Procedures**") on terms and conditions substantially similar to those set forth in the form of Bidding Procedures previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court; and be it further

3

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Bidding Procedures and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Bidding Procedures together with such other documents, agreements, instruments, notices, and certificates as may be required by the Bidding Procedures; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Bidding Procedures and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## V.    <u>Debtor-in-Possession Financing</u>

**RESOLVED**, that in connection with the Chapter 11 Case of each Company, the Approving Party of each Company has determined that it is in the best interests of each Company to consummate the transactions under that certain senior secured super-priority debtor-in-possession credit facility consisting of a term loan credit facility of up to $43,000,000, to be evidenced by that certain Senior Secured Super-Priority Priming Term Loan Debtor-In-Possession Credit Agreement, by and among, Starry Group Holdings, Inc., its subsidiaries party thereto, the lenders from time to time party thereto, and ArrowMark Agency Services LLC, as administrative agent and collateral agent (together with the exhibits and schedules annexed thereto, the "**DIP Credit Agreement**") on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement previously provided to the Approving Party of each Company (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Company (the "**DIP Financing**"); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer of each Company the authority to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case and such other uses as described in the DIP Credit Agreement, any and all guarantees, security agreements, pledge agreements, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Financing (collectively, the "**DIP Financing Documents**") or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document; and be it further

4

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, and record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms thereof; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Financing Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

## VI.    Retention of Advisors

**RESOLVED**, that in connection with each Company's Chapter 11 Case, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of Latham & Watkins LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Young Conaway Stargatt & Taylor LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of PJT Partners LP is hereby retained as investment banker for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of FTI Consulting, Inc. is hereby retained as financial advisor for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLC is hereby retained as claims, noticing, and solicitation agent and administrative advisor in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## VII.    <u>Limited Liability Company Agreements</u>

**RESOLVED**, that notwithstanding any provision of any LLC Agreement to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member (as defined in each LLC Agreement) of the applicable Company, including, without limitation any of the events listed in Section 18-304 of the Delaware LLC Act, cause any Member to cease to be a Member of such Company, and upon the occurrence of any such event, such Company shall continue without dissolution.  In addition, notwithstanding any provision of any LLC Agreement to the contrary, each applicable Company may put into effect and carry out any decrees and orders of the Bankruptcy Court, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member of the applicable Company; and be it further

**RESOLVED**, that, by executing this written consent, Starry, Inc., a Delaware corporation, as the current sole Member (as defined in each LLC Agreement) of each Company that is a limited liability company, hereby amends each LLC Agreement to the extent necessary to implement the resolutions of this section VII; and be it further

## VIII.    <u>General Authorization and Ratification</u>

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company enter into, execute, deliver, certify, file, register, record, and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, advisable, or desirable in connection with the Chapter 11 Case, the Restructuring Support Agreement, and the DIP Credit Agreement or any other DIP Financing Document, or any of the transactions contemplated by the foregoing; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and be it further

**RESOLVED**, that any Authorized Officer of each Company is authorized to place a copy of these resolutions in the official records of such Company to document the actions set forth herein as actions taken by the Approving Party of such Company.

[SIGNATURE PAGES FOLLOW]

6

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Directors of Starry Group Holdings, Inc., have executed this written consent as of the date first written above.

Name:  Chaitanya Kanojia

Name:  James Chiddix

Name:  Amish Jani

Name:  Elizabeth A. Graham

Name:  Robert L. Nabors II

Fill in this information to identify the case:

Debtor name: Starry Group Holdings, Inc.

United States Bankruptcy Court for the District of Delaware

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BENCHMARK ELECTRONICS (THAILAND) PUBLIC COMPANY LIMITED BUDSABA PUSAWAT 94 MOO 1, HI-TECH INDUSTRIAL ESTATE BANLANE, BANG PA-IN, AYUDHAYA, 13160 THAILAND | BUDSABA PUSAWAT PHONE: +66-35-276300 EXT. 6591 EMAIL: BUDSABA.PUSAWAT@BENCH.COM | TRADE | | | | $ 3,854,455.05 |
| 2 | PALANTIR TECHNOLOGIES INC MICHELLE SMITH, AR MANAGER 1555 BLAKE STREET, SUITE 250 DENVER, CO 80202 | MICHELLE SMITH, AR MANAGER PHONE: 650-252-0276 EMAIL: ACCOUNTSRECEIVABLE@PALANTIR.COM | TRADE | | | | $ 3,737,731.58 |
| 3 | AMERICAN ELECTRIC POWER JONTHAN E MCFADDEN, ACCOUNTING MGR 1 RIVERSIDE PLAZA COLUMBUS, OH 43215-2372 | JONTHAN E MCFADDEN, ACCOUNTING MGR PHONE: 614-716-2674 EMAIL: JEMCFADDEN@AEP.COM | TRADE | | | | $ 1,702,175.00 |
| 4 | CANTOR FITZGERALD & CO. SAGE KELLY, MANAGING DIRECTOR 110 EAST 59TH STREET NEW YORK, NY 10022 | SAGE KELLY, MANAGING DIRECTOR PHONE: 212-294-8071 EMAIL: SAGE.KELLY@CANTOR.COM | COMMON STOCK PURCHASE AGREEMENT | UNLIQUIDATED AND DISPUTED | | | $ 907,725.97 |
| 5 | LINKSYS USA, INC MARIA DE DUNGCA, CREDIT/COLLECTION ANALYST SUPERVISOR 12045 E. WATERFRONT DRIVE PLAYA VISTA, CA 90094 | MARIA DE DUNGCA, CREDIT/COLLECTION ANALYST SUPERVISOR PHONE: 310-751-3030 EMAIL: MARIA.DUNGCA@BELKIN.COM | TRADE | | | | $ 856,000.00 |
| 6 | DONNELLEY FINANCIAL SOLUTIONS KELLY STRACHE 35 W. WACKER DRIVE CHICAGO, IL 60601 | KELLY STRACHE PHONE: 855-542-9011 EMAIL: ACCOUNTS-RECEIVABLE@DFINSOLUTIONS.COM | TRADE | | | | $ 834,913.00 |
| 7 | ZARAM TECHNOLOGY, INC PHOEBE (YUTING) LIU 41 SEONGNAM-DAERO 925BEON-GIL, 2ND FLOOR BUNDANG-GU SEONGNAM-SI GYEONGGI-DO, 0000000 REPUBLIC OF KOREA | PHOEBE (YUTING) LIU PHONE: +82-31-779-6760 EMAIL: YUTING@ZARAM.COM | TRADE | | | | $ 765,810.64 |
| 8 | CHARLES INDUSTRIES, LLC CAITLIN GODFREY, ACCOUNTING SPECIALIST 1450 AMERICAN LANE - 20TH FLOOR SCHAUMBURG, IL 60173-5492 | CAITLIN GODFREY, ACCOUNTING SPECIALIST PHONE: 847-258-8321 EMAIL: CGODFREY@CHARLESINDUSTRIES.COM | TRADE | | | | $ 693,913.29 |
| 9 | SAYES TECHNOLOGY CP., LTD STEPHEN - ACCOUNT REP NO. 8-1 TONGFUYU INDUSTRIAL PARK 3RD FLOOR BAOAN DISTRICT SHENZHEN, 518100 CHINA | STEPHEN - ACCOUNT REP PHONE: 86-755-28062196 EMAIL: STEPHEN@SAYESTECH.COM | TRADE | | | | $ 622,065.27 |
| 10 | GOOGLE INC RUTH PORAT 1600 AMPHITHEATRE PKWY MOUNTAIN VIEW, CA 94043 | RUTH PORAT PHONE: 650-253-0000 EMAIL: COLLECTIONS@GOOGLE.COM | TRADE | | | | $ 576,900.09 |
| 11 | ZYXEL COMMUNICATIONS, INC ABIGAIL (ABBY) WUNG 1130 N MILLER STREET ANAHEIM, CA 92806 | ABIGAIL (ABBY) WUNG PHONE: 714-632-0882 EXT. 161 EMAIL: ABIGAIL.WUNG@ZYXEL.COM | TRADE | | | | $ 429,927.72 |
| 12 | COMCAST JASON ARMSTRONG, CFO TREASURER 1701 JFK BLVD PHILADELPHIA, PA 19103-2838 | JASON ARMSTRONG, CFO TREASURER PHONE: 215-286-1700 FAX: 215-981-7790 | TRADE | | | | $ 392,819.78 |
| 13 | DELOITTE & TOUCHE LLP MATT LEVINE 200 BERKELEY STREET BOSTON, MA 02116 | MATT LEVINE PHONE: 978-902-3134 EMAIL: DELOITTEPAYMENTS@DELOITTE.COM | PROFESSIONAL SERVICES | | | | $ 316,543.61 |
| 14 | THE BOSTON CONSULTING GROUP, INC. JEANNE KWONG BICKFORD 10 HUDSON YARDS NEW YORK, NY 10001 | JEANNE KWONG BICKFORD PHONE: 212-446-2800 EMAIL: USACCOUNTSRECEIVABLE@BCG.COM | PROFESSIONAL SERVICES | | | | $ 265,300.00 |
| 15 | DHL EXPRESS USA INC GREG HEWITT 16592 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | GREG HEWITT PHONE: 800-722-0081 FAX: 888-221-6211 EMAIL: GREG.HEWITT@DHL.COM | TRADE | | | | $ 259,782.23 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | CROWN CASTLE FIBER LLC<br>KENNETH FREEDMAN<br>2000 CORPORATE DRIVE<br>CANONSBURG, PA 15317 | KENNETH FREEDMAN<br>PHONE: 855-913-4237<br>EMAIL: FIBERBILLINGHD@CROWNCASTLE.COM | TRADE | | | | $ 244,893.73 |
| 17 | CORNERSTONE COMMUNICATIONS CONSULTING GROUP, LLC<br>JEFF OGLE, PRESIDENT<br>31 NICKLAUS DRIVE<br>ROME, GA 30165 | JEFF OGLE, PRESIDENT<br>PHONE: 770-298-3350<br>EMAIL: JOGLE@CORNERSTONECOMMUNICATIONSGROUP.COM | TRADE | | | | $ 223,246.59 |
| 18 | WALLABY CONNECT LLC<br>ALEJANDRA (ALE) MEDINA<br>4758 BAY QUARTER CT<br>VIRGINIA BEACH, VA 23455 | ALEJANDRA (ALE) MEDINA<br>PHONE: 757-935-7296<br>EMAIL: ALHEFORD@GMAIL.COM | TRADE | | | | $ 215,945.04 |
| 19 | ENERSYS DELAWARE INC<br>VICKI L MILLER, COLLECTION ANALYST I<br>1604 SOLUTIONS CENTER<br>CHICAGO, IL 60677-1006 | VICKI L MILLER, COLLECTION ANALYST I<br>PHONE: 610-208-1881<br>EMAIL: VICKI.MILLER2@ENERSYS.COM | TRADE | | | | $ 207,752.75 |
| 20 | AVNET ELECTRONICS MARKETING<br>JOHN PAOLO S. DE LA CRUZ; CREDIT & COLLECTIONS ANALYST<br>5400 PRAIRIE STONE PARKWAY<br>HOFFMAN ESTATES, IL 60192 | JOHN PAOLO S. DE LA CRUZ, CREDIT & COLLECTIONS ANALYST<br>PHONE: 469-627-1196<br>EMAIL: JOHN.DELACRUZ@AVNET.COM | TRADE | | | | $ 197,585.60 |
| 21 | UL, LLC<br>ANAND V, SR. COLLECTOR - GLOBAL BUSINESS SERVICES<br>75 REMITTANCE DRIVE, STE#1524<br>CHICAGO, IL 60675-1524 | ANAND V, SR. COLLECTOR - GLOBAL BUSINESS SERVICES<br>PHONE: 847-664-6636<br>EMAIL: ANAND.V@UL.COM | TRADE | | | | $ 185,900.00 |
| 22 | SHENGLU TELECOMMUNICATION CO., LTD<br>BETTY SU<br>NO.4 JINYE SECOND ROAD, XINAN INDUSTRY, SANSHUI GUANGDONG PROVINCE, 528100<br>CHINA | BETTY SU<br>PHONE: +86-757-87744989<br>EMAIL: JUANITA.YANG@KINGSIGNAL.COM | TRADE | | | | $ 174,532.00 |
| 23 | BOARDTEK ELECTRONICS CORP<br>KAREN HSU<br>16, CHING CHIEN 1ST RD. KUAN-YIN INDUSTRIAL PARK TAOYUAN N/A, 32163<br>TAIWAN | KAREN HSU<br>PHONE: +886-936658338<br>EMAIL: KAREN.HW.HSU@AVARYHOLDING.COM | TRADE | | | | $ 166,323.71 |
| 24 | INTELLIGENT MANUFACTURING SOLUTIONS, LLC<br>NICK BOSIA, STAFF ACCOUNTANT<br>645 HARVEY RD<br>MANCHESTER, NH 03103 | NICK BOSIA, STAFF ACCOUNTANT<br>PHONE: 603-836-6001<br>EMAIL: NICHOLAS.BOSIA@MSCORP-US.COM | TRADE | | | | $ 166,284.59 |
| 25 | ARROW ELECTRONICS, INC.<br>FRANCISCO QUINTERO<br>9201 EAST DRY CREEK ROAD<br>CENTENNIAL, CO 80112 | FRANCISCO QUINTERO<br>PHONE: 720-642-9317<br>EMAIL: FRANCISCO.QUINTERO@ARROW.COM | TRADE | | | | $ 154,086.12 |
| 26 | UNITED TECHNOLOGIES SERVICES, INC.<br>MIKE GIUSTINIANI<br>201 MILL BRIDGE CT.<br>PORT REPUBLIC, NJ 08241 | MIKE GIUSTINIANI<br>PHONE: 732-682-1233<br>EMAIL: MGIUSTINIANI@UTECHSERVICEINC.COM | TRADE | | | | $ 148,290.00 |
| 27 | META PLATFORMS, INC.<br>JOSE ALFARO LEON, COLLECTIONS ANALYST<br>1601 WILLOW ROAD<br>MENLO PARK, CA 94025 | JOSE ALFARO LEON, COLLECTIONS ANALYST<br>PHONE: 512-361-4269<br>EMAIL: JAALFAROLEON@FB.COM | TRADE | | | | $ 143,277.31 |
| 28 | ABSIDE NETWORKS, INC.<br>LAURENT PERRAUD<br>16 HERITAGE ROAD<br>ACTON, MA 01720 | LAURENT PERRAUD<br>PHONE: 978-393-1975<br>EMAIL: AR@ABSIDE-NETWORKS.COM | PROFESSIONAL SERVICES | | | | $ 141,666.00 |
| 29 | FARLEY WHITE MANAGEMENT CO<br>ERIN MCPHILLIPS, TENANT COORDINATOR<br>155 FEDERAL STREET, 18TH FLOOR<br>BOSTON, MA 02110 | ERIN MCPHILLIPS, TENANT COORDINATOR<br>PHONE: 978-341-5999<br>EMAIL: EMCPHILLIPS@FARLEYWHITE.COM | LEASES | | | | $ 143,886.04 |
| 30 | QCA TECH LIMITED<br>CHLOE ZHANG<br>NO. 50 HOI YUEN ROAD<br>KWUN TONG, KOWLOON,<br>HONG KONG | CHLOE ZHANG<br>PHONE: 8618028249290<br>EMAIL: CHLOE@KS-IC.COM | TRADE | | | | $ 135,147.60 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- x
         :
In re:                   :    Chapter 11
         :
STARRY GROUP HOLDINGS, INC., *et al.*,[1]  :    Case No. 23-_____ (___)
         :
        Debtors.     :    (Joint Administration Requested)
         :
-------------------------------------------------------- x

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY**
**HOLDERS PURSUANT TO FED R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**") hereby state

as follows:

1.    A list of the equity interest holders of Debtor Starry Group Holdings, Inc.

("**Starry Group**"), along with the nature of their equity interests, is attached hereto as **Exhibit A**.

Debtor Starry Group is the direct or indirect parent of each Debtor.

2.    Debtor Starry Inc., whose address is 38 Chauncy Street, Suite 200, Boston,

Massachusetts 02111, is 100% owned by Debtor Starry Group.

3.    Debtor Connect Everyone LLC, whose address is 38 Chauncy Street, Suite 200,

Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

4.    Debtor Starry Installation Corp., whose address is 38 Chauncy Street, Suite 200,

Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

---

[1]  The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Starry Group Holdings, Inc. (9355); Starry, Inc. (9616); Connect Everyone LLC (5896); Starry Installation Corp. (7000); Starry (MA), Inc. (2010); Starry Spectrum LLC (N/A); Testco LLC (5226); Starry Spectrum Holdings LLC (9444); Widmo Holdings LLC (9208); Vibrant Composites Inc. (8431); Starry Foreign Holdings Inc. (3025); and Starry PR Inc. (1214).  The debtors' address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111.

5.      Debtor Starry (MA), Inc., whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

6.      Debtor Starry Spectrum LLC, whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

7.      Debtor Testco LLC, whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

8.      Debtor Starry Spectrum Holdings LLC, whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

9.      Debtor Widmo Holdings LLC, whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

10.      Debtor Vibrant Composites Inc., whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

11.      Debtor Starry Foreign Holdings, Inc. ("**Starry Foreign**"), whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Inc.

12.      Debtor Starry PR Inc., whose address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111, is 100% owned by Debtor Starry Foreign.

# EXHIBIT A

**List of Starry Group Holdings, Inc.'s Equity Interest**

---

[1]    This list serves as the disclosure required to be made by the Debtors pursuant to Bankruptcy Rule 1007.  All equity positions listed are as of January 17, 2023.

**Starry Group Holdings, Inc. Class A Shares**

| NAME | SHARES | PERCENT |
|---|---|---|
| 1992 LARSEN GRANDCHILDREN'S TRUST | 3,700 | 0.0023% |
| VIRGINIA LAM ABRAMS | 552,236 | 0.3476% |
| ADDITION VENTURES PARTNERS, LLC | 667 | 0.0004% |
| AEP INVESTMENTS, INC. | 547,853 | 0.3448% |
| ALEXANDER ANDRADE | 5,752 | 0.0036% |
| KATE MAPLES ANDRADE | 2,876 | 0.0018% |
| MANUEL ANDRADE | 3,451 | 0.0022% |
| RUBY ANDRADE | 2,876 | 0.0018% |
| SEBASTIAN ANDRADE | 8,629 | 0.0054% |
| STEPHAN ANDRADE | 160,494 | 0.1010% |
| ARROWMARK COLORADO HOLDINGS LLC - | 6,000 | 0.0038% |
| ARROWMARK COLORADO HOLDINGS LLC | 40,424 | 0.0254% |
| ARROWMARK FUNDAMENTAL OPPORTUNITY FUND | 500,000 | 0.3147% |
| ASCRIBE INVESTMENTS IV, LLC | 230,786 | 0.1453% |
| FREDERICK BALL | 30,000 | 0.0189% |
| ALEXANDER BARRY | 518 | 0.0003% |
| BCG VENTURES II LLC | 129,710 | 0.0816% |
| CAITLIN BEAUSOLEIL | 1,898 | 0.0012% |
| BGC CREDIT OPPORTUNITIES FUND LTD. | 43,237 | 0.0272% |
| BIRCH GROVE CREDIT STRATEGIES MASTER | 662,697 | 0.4171% |
| BIRCH GROVE PRIVATE CREDIT MASTER FUND | 86,473 | 0.0544% |
| BIRCH GROVE PRIVATE CREDIT | 8,242 | 0.0052% |
| JOHN BJERKE | 20,249 | 0.0127% |
| NICOLAS BLASE | 863 | 0.0005% |
| OLAYINKA BOLAKALE | 1,289 | 0.0008% |
| RYAN BRENNAN | 1,381 | 0.0009% |
| WILLIAM BROWN | 3,595 | 0.0023% |
| ROBERT BRYANT | 299 | 0.0002% |
| SANA BUKHARI | 10,987 | 0.0069% |
| DANIEL BULLI | 276,118 | 0.1738% |
| DAVID BUTLER | 24,932 | 0.0157% |
| CHRISTINE A BYRNE | 25 | 0.0000% |
| CHRISTINE ANN BYRNE | 4,000 | 0.0025% |
| STEVE CAMERON | 460 | 0.0003% |
| MICHAEL CARR | 13,518 | 0.0085% |
| JULIE CARROLL | 5,752 | 0.0036% |
| CC STRATEGIC INVESTMENT CORP. | 666,667 | 0.4196% |
| CEDE & CO | 71,940,004 | 45.2816% |
| CHAITANYA KANOJIA QUALIFIED ANNUITY | 368,158 | 0.2317% |
| CHARLES F. URSCHEL 1970 TRUST FBO WENDY | 8,499 | 0.0053% |
| BRENT CHASE | 86 | 0.0001% |
| JAMES CHIDDIX | 70,773 | 0.0445% |
| ANEESH CHOPRA | 34,863 | 0.0219% |

| | | |
|---|---:|---:|
| ROBERT CLAUS | 2,991 | 0.0019% |
| REBECCA COMISAR | 1,139 | 0.0007% |
| CP ORION HOLDINGS LLC | 345,893 | 0.2177% |
| LYSANDER CUEVAS | 242 | 0.0002% |
| DECIBEL HOLDINGS, LLC | 491,974 | 0.3097% |
| ROBERT DELUCA | 552 | 0.0003% |
| ZACHARY DESCHAUX | 1,898 | 0.0012% |
| WHITNEY ELLISON | 748 | 0.0005% |
| FARIS ELMASU | 13,806 | 0.0087% |
| MARC EMMONS | 39,980 | 0.0252% |
| ERIN C COLEMAN ESTATE | 36,816 | 0.0232% |
| FRANCISCO ESTRELLA | 1,160 | 0.0007% |
| EVERSOURCE RETIREMENT PLAN MASTER TRUST | 1,333,333 | 0.8392% |
| NICHOLAS FAHEY | 1,726 | 0.0011% |
| PHILIP FINNANCE | 1,381 | 0.0009% |
| FIRST MARK HORIZON SPONSOR LLC | 6,685,613 | 4.2082% |
| FIRSTMARK CAPITAL III, LP, FOR ITSELF | 9,565,341 | 6.0208% |
| FIRSTMARK CAPITAL OF I LP | 4,548,440 | 2.8629% |
| FIRSTMARK CAPITAL OF II, L.P. | 2,695,372 | 1.6966% |
| FIRSTMARK CAPITAL OF III, L.P. | 2,582,691 | 1.6256% |
| FIRSTMARK CAPITAL S1, L.P. | 3,893,974 | 2.4510% |
| FIRSTMARK CAPITAL S2, L.P. | 1,280,000 | 0.8057% |
| KURT FISETTE | 5,414 | 0.0034% |
| VALERIE FUNG | 748 | 0.0005% |
| MILAN GANATRA | 828 | 0.0005% |
| LOGAN GANIS | 552 | 0.0003% |
| JULIUS GENACHOWSKI | 9,983 | 0.0063% |
| BRANDON GIBSON | 403 | 0.0003% |
| RYAN GLEYSTEEN | 282 | 0.0002% |
| DYLAN GODBOUT | 3,624 | 0.0023% |
| ALLISON GOLDBERG | 30,000 | 0.0189% |
| MAX GREENWALD | 863 | 0.0005% |
| MILA HADZHIRACHEVA | 1,812 | 0.0011% |
| TINA HAN | 3,624 | 0.0023% |
| NEVO HED | 276,118 | 0.1738% |
| COLIN HENDERSON | 13,806 | 0.0087% |
| DANIEL HILL | 460 | 0.0003% |
| BOWER HIMES | 1,381 | 0.0009% |
| VICTOR HO | 115 | 0.0001% |
| MATTHEW HOFFMAN | 322 | 0.0002% |
| HUNT RE INVESTMENTS, LLC | 108,091 | 0.0680% |
| IRON HORSE INVESTMENTS LLC | 727,333 | 0.4578% |
| PATRICK JOYCE | 1,754 | 0.0011% |
| KANOJIA 2021 EDUCATION TRUST | 92,039 | 0.0579% |

| | | |
|---|---:|---:|
| KANOJIA FAMILY GST EXEMPT 2021 TRUST | 1,656,709 | 1.0428% |
| DYLAN KEEN | 24,851 | 0.0156% |
| JACLYN KERSCHNER | 575 | 0.0004% |
| UMAR KHAN | 322 | 0.0002% |
| BHAJU KHANAL | 2,301 | 0.0014% |
| KICKING HORSE INVESTMENT HOLDINGS L.P. | 3,607,666 | 2.2708% |
| VLADIMIR KOLODYAZHNYI | 161 | 0.0001% |
| ANSHUMAN KONWAR | 10,354 | 0.0065% |
| KENNETH KOVACS | 282 | 0.0002% |
| WALANN KRUGER | 1,611 | 0.0010% |
| LARSEN FAMILY, LP | 18,004 | 0.0113% |
| DUNCAN LEGGET | 172 | 0.0001% |
| KRISTOFFER LEMOINS | 2,761 | 0.0017% |
| HANQIU LI | 863 | 0.0005% |
| JOSEPH LIPOWSKI | 5,522,363 | 3.4760% |
| DAVIAN LITCHMORE | 1,772 | 0.0011% |
| ANA LO | 6,811 | 0.0043% |
| TRACIE LONGMAN | 12,885,514 | 8.1106% |
| JHOVANNY LOPEZ | 230 | 0.0001% |
| BRIAN LOVELAND | 276,118 | 0.1738% |
| GIUSEPPE LUCIA | 2,301 | 0.0014% |
| WILLIAM LUNDREGAN | 87,621 | 0.0552% |
| SOKOL LUSHLLARI | 1,726 | 0.0011% |
| TIMOTHY MARQUEZ | 3,854 | 0.0024% |
| JUAN MARTINEZ | 288 | 0.0002% |
| ANDREA MATA | 920 | 0.0006% |
| KAITLYN MCCORMACK | 1,323 | 0.0008% |
| SCOTT MCKEEVER | 1,271 | 0.0008% |
| MERIDIAN ENHANCED EQUITY FUND | 166,667 | 0.1049% |
| STEVEN MEYERS | 3,567 | 0.0022% |
| KARINA MICHELI | 828 | 0.0005% |
| TIFFANY MOSHER | 20,683 | 0.0130% |
| ALEX MOULLE-BERTEAUX | 1,417,407 | 0.8922% |
| JOHN MULLOWNEY | 1,841 | 0.0012% |
| STEPHEN MURRAY | 184,079 | 0.1159% |
| TINA OCLARAY | 828 | 0.0005% |
| MALENA OHL | 4,890 | 0.0031% |
| COLLIN OLIVER | 518 | 0.0003% |
| JORDAN PADNUK | 259 | 0.0002% |
| PALANTIR TECHNOLOGIES INC. | 965,916 | 0.6080% |
| RAJ PATEL | 828 | 0.0005% |
| JAVIER PENA | 115 | 0.0001% |
| DENIS PERELYGIN | 259 | 0.0002% |
| NICHOLAS PERRY | 1,150 | 0.0007% |

| | | |
|---|---:|---:|
| RUBEN PIMENTEL JR | 144 | 0.0001% |
| DESMOND PRESTON | 8,882 | 0.0056% |
| QSI, INC. | 200,000 | 0.1259% |
| QSI, INC. | 9,861,363 | 6.2071% |
| JOHN REYNOSO | 230 | 0.0001% |
| WILSON RIVERA-DIAZ | 1,726 | 0.0011% |
| JASON ROBINS | 30,000 | 0.0189% |
| ALEX ROGERS | 1,841 | 0.0012% |
| SAMUEL ROGERS | 863 | 0.0005% |
| ASHLEY ROMANO | 863 | 0.0005% |
| WILLIAM RUDEK | 1,035 | 0.0007% |
| BRANDY SANDBORG | 16,337 | 0.0103% |
| CARLO SARTORI | 1,035 | 0.0007% |
| ASHLEIGH SCHROECK | 4,602 | 0.0029% |
| SG-STARRY, LLC | 129,710 | 0.0816% |
| ROY SHABA | 3,221 | 0.0020% |
| ROBERT SHAMITZ | 3,613 | 0.0023% |
| NATHAN S SHARPE | 10 | 0.0000% |
| WILSON SILVA | 144 | 0.0001% |
| ANTHONY SIMONUTTI | 3,060 | 0.0019% |
| MARIAH SMITH | 1,294 | 0.0008% |
| SMR STARRY LLC | 2,182,628 | 1.3738% |
| SMRS-TOPE LLC | 666,667 | 0.4196% |
| ALBERTO SOLIS | 230 | 0.0001% |
| DAVID SPADACCINI | 909 | 0.0006% |
| KEVIN STEELE | 920 | 0.0006% |
| SWISS CAPITAL BG OL PRIVATE DEBT FUND LP | 52,201 | 0.0329% |
| SWISS CAPITAL BG OL PRIVATE DEBT | 125,393 | 0.0789% |
| ZACHARY TAIRA | 3,394 | 0.0021% |
| THB IRON ROSE LLC | 600,000 | 0.3777% |
| THE GARY LAUDER REVOCABLE TRUST | 1,545,296 | 0.9727% |
| MARY KATHLEEN THERRIEN THERRIEN | 5,235 | 0.0033% |
| TRACIE L. LONGMAN QUALIFIED ANNUITY | 368,158 | 0.2317% |
| LUIS UBINAS | 30,000 | 0.0189% |
| USANI, LLC | 4,831,578 | 3.0412% |
| MARION VAHE | 3,866 | 0.0024% |
| SIMONE VALENTE | 719 | 0.0005% |
| VICTORIA WASYLIW | 460 | 0.0003% |
| KORY WOOD | 2,243 | 0.0014% |
| RONIN WOOD | 1,438 | 0.0009% |
| STEVE YUEN | 3,969 | 0.0025% |
| ILANA ZELENY | 805 | 0.0005% |
| TIANJIAO ZHANG | 1,035 | 0.0007% |
| ANDY ZOVICH | 1,208 | 0.0008% |

**Total Accounts:** | 158,872,563 |

**Starry Group Holdings, Inc. Class x Shares**

| NAME | SHARES |
|------|--------|
| CHAITANYA KANOJIA | 9,268,335 |
| Total Accounts: | **9,268,335** |

**Fill in this information to identify the case:**

Debtor name    **Starry Group Holdings, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration   **Corporate Ownership Statement and Equity Holder List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/20/2023            X   **/s/ William J. Lundregan**
                                    Signature of individual signing on behalf of debtor

                                    **William J. Lundregan**
                                    Printed name

                                    **Authorized Officer**
                                    Position or relationship to debtor