## EXHIBIT E

## Engagement Agreement



**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Michael R. Nestor**
P 302.571.6699
mnestor@ycst.com

December 20, 2022

Starry Group Holdings, Inc.
Attn: William Lundregan
SVP and General Counsel

    Re:  Engagement Agreement between Young Conaway Stargatt & Taylor, LLP
       and Starry Group Holdings, Inc.

Dear Mr. Lundregan,

Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") is pleased to accept the representation of Starry Group Holdings, Inc. (the "Company"), as Delaware co-counsel with Latham & Watkins LLP ("Latham"), on terms set forth herein in connection with its potential chapter 11 bankruptcy filing.

1.  <u>Nature of Engagement</u>

    Young Conaway's engagement will include representation of the Company in preparing for, and during the course of, all aspects of its restructuring efforts.  We also will be available to represent the Company in any litigation that may arise.

2.  <u>Fee Structure and Evergreen Retainer</u>

    Young Conaway customarily receives a reasonable evergreen retainer in matters of this nature.  The retainer is designed to assure the Company's continued access to representation despite delays in obtaining authority to pay fees, the potential imposition of cash collateral requirements and other factors.  At this time, Young Conaway requires payment of an initial evergreen retainer in the amount of $100,000.00 (the "Retainer").  In addition, we will issue periodic invoices and, prior to any chapter 11 filing, will require the pre-payment of the chapter 11 filing fee of $1717.00, per filing entity.

    The Retainer funds will be held for the purpose of providing a Retainer for professional services to be rendered and expenses to be charged by us to the Company's account in connection with the representation described above.  The Retainer will be held in an interest-bearing account for the benefit of the Interest on Lawyers Trust Accounts ("IOLTA) Program established by the Delaware Supreme Court unless you elect to have the Retainer held in an interest-bearing account for your benefit, in which case, interest will be credited to the escrow

29972051.1

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600    F   302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
Starry Group Holdings, Inc.
December 20, 2022

account monthly and will accumulate until the Retainer is applied to our invoices for services or until the balance of the Retainer is remitted to the Company at the conclusion of this matter. Enclosed is a tax reporting form, which must be completed, signed by an authorized representative of the Company and returned to us before our bank will open an interest bearing escrow account for your benefit.

In the event of a chapter 11 filing, Young Conaway shall be indemnified and compensated by the Company and its estate for any fees or costs arising from the successful defense and prosecution of any fee application by Young Conaway in connection with its fees pursuant to sections 328 and 330 of the Bankruptcy Code.

Young Conaway will send the Company and the Company will pay periodic invoices for services rendered and charges and disbursements incurred. The invoices will reflect charges for services rendered calculated on the basis of our guideline hourly rates. Invoices shall be payable upon receipt.

3.      Fees, Charges and Disbursements

Young Conaway's periodic invoices will reflect charges for services rendered, calculated on the basis of our guideline hourly rates. For attorney services, these rates range from $375 to $1,475 per hour. My standard rate is currently $1,245 per hour. The guideline hourly rate charged for paralegals is $295 to $375 per hour. Our guideline hourly rates are adjusted periodically to reflect the advancing experience, capabilities and seniority of our professionals as well as general economic factors.

Our invoices also will include amounts for charges and disbursements. Such charges and disbursements will include, among others things, charges for messenger services, air couriers, document preparation services, secretarial overtime, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, telephone and facsimile charges, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. (In the event extraordinary or significant expenses are incurred, the Company agrees that it will pay those expenses directly or will promptly reimburse us separately from our normal invoice procedure.)

4.      Confidentiality and Conflicts

While confidential communications between a client and counsel are privileged, the filing of a bankruptcy case may severely impact this attorney-client privilege. Specifically, if a trustee is appointed in any bankruptcy case concerning a corporate debtor, the trustee may be able to obtain from us (or any other counsel to the Company) and disclose to others information communicated by the corporation to counsel.

Our firm represents many other companies and individuals. Thus, it is possible that during the time we represent you, some of our present or future clients may have disputes or interests adverse to you. Accordingly, this letter will confirm your agreement that we may

29972051.1

Young Conaway Stargatt & Taylor, LLP
Starry Group Holdings, Inc.
December 20, 2022

continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you in this matter, even if the interests of such clients in those other matters are directly adverse to you and even if such representation includes litigation against you, provided that we reasonably believe that we will be able to provide competent and diligent representation to you and the other affected clients. We will not represent any party adverse to you with respect to the matters for which you engage us to represent you pursuant to this engagement letter.

Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case. The Company agrees that it does not consider such concurrent representation, in unrelated matters, of the Company and any adversary to be inappropriate and, therefore, waives any objections to any such present or future concurrent representation. Of course, with respect to any particular matter that may arise in connection with any chapter 11 case that may be commenced, we understand that the Company will evaluate all of the circumstances extant at that time and will coordinate assignments among Young Conaway and other counsel to best serve and benefit the Company.

Young Conaway does not typically provide opinion letters in connection with restructuring engagements or bankruptcy reorganization cases to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then, only upon further written agreement, as approved by a special committee of Young Conaway, which must provide for compensation to us for the special risks attendant to the furnishing of such opinions.

5.      Document Retention

Paper and other records which are created or held on your behalf will be retained by the Firm in accord with law and at its discretion during the pendency of this matter. Unless required by law to be retained in paper or other tangible form, as the case may be, the Firm may scan or otherwise convert all such records to electronic or digital form and dispose of the paper or other tangible record. Notwithstanding the foregoing, the Firm will not convert any record exclusively to electronic or digital form if doing so would violate the law or if the Firm realizes in advance that, in doing so, the information contained in the record would be made illegible or unusable.

All documents and other materials relating to the subject matter of this engagement, including those maintained electronically, will be retained and disposed of in accordance with Young Conaway's document retention policy, which provides generally that Young Conaway will not retain documents relating to this type of engagement for more than six years. As such, absent your prior written request to return documents and other materials at the conclusion of this engagement, all documents and other materials in storage may be destroyed after the expiration of the designated document retention period.

29972051.1

Young Conaway Stargatt & Taylor, LLP
Starry Group Holdings, Inc.
December 20, 2022

6.      Choice of Law/Venue

        In the unlikely event that a dispute arises concerning the engagement provided herein, the Company and Young Conaway agree that this agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Delaware, and that the courts of the State of Delaware shall have exclusive jurisdiction of all matters relating, in any way, to any disputes arising from this agreement.

7.      Conclusion

        The Company may discharge Young Conaway at any time.  Young Conaway may withdraw at any time with the Company's consent or for good cause without the Company's consent.  Good cause includes the Company's breach of this agreement (including the Company's failure to pay any statement when due), the Company's refusal or failure to cooperate with us or any fact or circumstance that would render our continuing representation unlawful or unethical.

        Other matters may arise in this representation not set forth in, or contemplated by, this letter.  Indeed, given the magnitude of the representation, it would be unusual if this were not the case.  Please feel free to contact us to clarify or identify any such matter that may arise in connection with our representation.

        The foregoing sets forth the terms regarding Young Conaway's retention.  There are no representations or promises other than as expressly set forth herein.  If the foregoing terms of our representation meet with your approval, and accurately represent your understanding of the Company's Retainer agreement with Young Conaway, please execute this agreement and the original executed W-9 Form and return it to Young Conaway at your earliest convenience.  Wiring instructions for payment of the Retainer are set forth below.

        We very much appreciate the opportunity to represent the Company and to once again work with our friends at Latham.

                                        Michael R. Nestor

                                        /s/ Michael R. Nestor


STARRY GROUP HOLDINGS, INC.

By: _____
        William Lundregan
        SVP and General Counsel


29972051.1