**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
In re:                                                    :    Chapter 11
:
STARRY GROUP HOLDINGS, INC., *et al.*,[1]                  :    Case No. 23-10219 (KBO)
:
Debtors.                                                  :    (Jointly Administered)
:
---------------------------------------------------------- x    Re: Docket Nos. 21 & 185

## NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. On February 20, 2023, the debtors and debtor in possession in the above-captioned chapter 11 cases (the "**Debtors**"), filed a motion [Docket No. 21] (the "**Bidding Procedures Motion**") seeking entry (a) of an order (the "**Bidding Procedures Order**"): (i) authorizing and approving bidding procedures (the "**Bidding Procedures**")[2] for the sale (the "**Sale**") of substantially all of the Debtors' assets (collectively, the "**Assets**"), and/or equity of the reorganized Debtors (the "**Reorganized Equity**"), (ii) scheduling an auction of the Assets (the "**Auction**") for April 24, 2023, (iii) scheduling a hearing to consider approval of any Sale (the "**Sale Hearing**") to be held on May 3, 2023, (iv) approving the form and manner of notice in connection with the foregoing, and (v) granting related relief; and (b) one or more orders (each, a "**Sale Order**"),[3] as applicable: (i) authorizing

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Starry Group Holdings, Inc. (9355); Starry, Inc. (9616); Connect Everyone LLC (5896); Starry Installation Corp. (7000); Starry (MA), Inc. (2010); Starry Spectrum LLC (N/A); Testco LLC (5226); Starry Spectrum Holdings LLC (9444); Widmo Holdings LLC (9208); Vibrant Composites Inc. (8431); Starry Foreign Holdings Inc. (3025); and Starry PR Inc. (1214). The debtors' address is 38 Chauncy Street, Suite 200, Boston, Massachusetts 02111.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures or the Bidding Procedures Motion, as applicable.

[3] A form of Sale Order will be filed with the Court by April 25, 2023, or as soon as reasonably practicable thereafter.

30215671.1

and approving the sale of the Assets free and clear of all liens, claims, encumbrances, and other interests (collectively, and as more fully set forth below, the "**Interests**") to the winning bidder (the "**Successful Bidder**") pursuant to a purchase agreement to be executed by the Successful Bidder (an "**Asset Purchase Agreement**"), and (ii) granting related relief.

2. On March 21, 2023, the Court entered the Bidding Procedures Order [Docket No. 185]. Pursuant to the Bidding Procedures Order, any person or entity interested in participating in the Auction must submit a Qualified Bid for the Assets and/or Reorganized Equity to the following parties: (a) the Debtors; (b) counsel to the Debtors, (i) Latham & Watkins LLP, (1) 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn: Jeffrey E. Bjork (jeff.bjork@lw.com), Ted A. Dillman (ted.dillman@lw.com), Jeffrey T. Mispagel (jeffrey.mispagel@lw.com), and Nicholas J. Messana (nicholas.messana@lw.com) and (2) 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Jason B. Gott (jason.gott@lw.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Kara Hammond Coyle (kcoyle@ycst.com), Joseph M. Mulvihill (jmulvihill@ycst.com), and Timothy R. Powell (tpowell@ycst.com)); and (c) PJT Partners LP, 280 Park Avenue, New York, New York 10017 (Attn: Wei Wen (wei.wen@pjtpartners.com)), (collectively, the "**Bid Notice Parties**") on or before April 20, 2023, at 4:00 p.m. (prevailing Eastern Time) (the "**Bid Deadline**").

3. If the Debtors receives one or more timely Qualified Bid with an acceptable purchase price by the Bid Deadline, the Debtors will conduct the Auction. All creditors that request permission in advance in writing, and each of their respective advisors, may attend the Auction. The Auction, if necessary, will take place on April 24, 2023 at 10:00 a.m. (prevailing

Eastern Time) by videoconference or such other remote communication as determined by the Debtors.

4.      By 4:00 p.m. (prevailing Eastern Time) on the calendar day that is as soon as reasonably practicable after the Auction is completed, the Debtors will announce the Successful Bid, Successful Bidder, and Backup Bid and will file with the Court, but not serve, a notice of the Successful Bid, Successful Bidder, Backup Bid, and, in the case of Successful Bids for the Assets, the Sale Hearing.  At that same time, the Debtors will serve notice of the same by fax, email or (if neither is available) overnight courier to all creditors or contract counterparties that made a request for such service to Debtor's counsel at least two business days before the Auction.

5.      Any and all objections, if any, to the Sale and entry of the Sale Order with respect thereto (a "**Sale Objection**"), other than as noted below, were required to have been filed with the Court (824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801) and served on the Transaction Notice Parties[4] by 4:00 p.m. (prevailing Eastern Time) by March 7, 2023[5] (the "**Sale Objection Deadline**").  Any and all objections to (a) specific terms of the Sale or specific provisions of the Asset Purchase Agreement or the Sale Order that could not have been raised based on the Motion alone, (b) the conduct of the Auction, or (c) the identity of the Successful Bidder(s) (other than with respect to executory contracts and unexpired leases) (each, a "**Subsequent Sale Objection**") must be must be filed with the Court and served on the

---

[4] The following parties are the "**Transaction Notice Parties**":  (a) all entities known to have expressed an interest in a transaction with respect to some or all of the Assets during the past 12 months; (b) all entities known to have asserted any interest in or upon any Assets; (c) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested by this Motion; (d) the Internal Revenue Service; (e) counsel to the Creditors' Committee; (f) counsel to the Prepetition Agent; (g) those parties who have made the appropriate filings requesting notice of all pleadings filed in the Chapter 11 Cases; (h) the U.S. Trustee; (i) the Securities and Exchange Commission; (j) the Office of the United States Attorney for the District of Delaware; and (k) the offices of the attorneys general for the states in which the Debtors operate.

[5] The Sale Objection Deadline was extended to March 21, 2023 for the U.S. Trustee and the Creditors' Committee.

Transaction Notice Parties by 4:00 p.m. (prevailing Eastern Time) on April 28, 2023 (the "**Subsequent Sale Objection Deadline**"); *provided* that, in the event that a Qualified Credit Bid submitted by the DIP Agent and/or Prepetition Agent becomes the Successful Bid at the Auction, then (x) the Sale Hearing shall automatically be adjourned to after the Challenge Period Termination Date (as defined in the DIP Order), and (y) the Subsequent Sale Objection Deadline shall automatically be extended solely for the Creditors' Committee to five days before such adjourned Sale Hearing date.  Any party failing to timely file a Sale Objection or Subsequent Sale Objection, as applicable, will be forever barred from objecting and will be deemed to have consented to the Sale, including the transfer of the Debtors' right, title and interest in, to, and under the Assets free and clear of any and all liens, claims, interests, and encumbrances in accordance with the definitive agreement for the Sale.

6. Any Sale will be free and clear of all Interests, with such Interests to attach to the proceeds of the sale of the Assets with the same validity and priority as such Interests applied against the Assets.  As used herein, Interests include all of the following, in each case, to the extent against or with respect to the Debtors, or in, on, or against, or with respect to any of the Assets: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured,

material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (a) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date), rights of use or possession, subleases, leases, conditional sale arrangements, deferred purchase price obligations, or any similar rights; (b) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise; (c) all debts, liabilities, obligations, contractual rights and claims, and labor, employment, and pension claims; (d) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the purchaser's interest in the Assets, or any similar rights; (e) any rights under labor or employment agreements; (f) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "**ERISA**")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including,

without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (g) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Age Discrimination and Employment Act of 1967 and the Age Discrimination in Employment Act, each as amended, (vii) the Americans with Disabilities Act of 1990, (viii) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (ix) state discrimination laws, (x) state unemployment compensation laws or any other similar state laws, (xi) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (xii) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Assets or business of the Debtors before the closing of a Sale; (j) any unexpired and executory contract or unexpired lease to which the Debtors are a party that is not assumed; (k) any other excluded liabilities under the Asset Purchase Agreement; and (l) Interests arising under or in connection with any acts, or failures to act, of the Debtors or any of their predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act of 1933, the Securities Exchange Act of 1934, or other

applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.

7. The Sale Hearing will take place on May 3, 2023 at 1:00 p.m. (prevailing Eastern Time) before the Honorable Karen B. Owens, United States Bankruptcy Judge, in the Court, located at 824 N. Market St, Wilmington, Delaware 19801. The Debtors' presentation to the Court for approval of a Successful Bid does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted the terms of a Successful Bid only when such Bid has been approved by the Court pursuant to a Sale Order.

8. The Debtors reserve the right to, in their reasonable business judgment, and in consultation with the Consultation Parties, modify the Bidding Procedures at any time, including, without limitation, to extend the deadlines and proposed dates set forth therein, including extending the Bid Deadline, modifying the date of the Auction, and adjourning or rescheduling the Sale Hearing. This notice is subject to the fuller terms and conditions set forth in the Bidding Procedures Order and the Bidding Procedures.

9. Parties interested in receiving additional information, including, with regard to the Sale, the Assets, the Auction, or the Bidding Procedures, may make requests to (a) the Debtors; (b) counsel to the Debtors, (i) Latham & Watkins LLP, (1) 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn: Jeffrey E. Bjork (jeff.bjork@lw.com), Ted A. Dillman (ted.dillman@lw.com), Jeffrey T. Mispagel (jeffrey.mispagel@lw.com), and Nicholas J. Messana (nicholas.messana@lw.com) and (2) 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Jason B. Gott (jason.gott@lw.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Kara Hammond Coyle (kcoyle@ycst.com), Joseph M. Mulvihill (jmulvihill@ycst.com), and Timothy

R. Powell (tpowell@ycst.com)); and (c) PJT Partners LP, 280 Park Avenue, New York, New York 10017 (Attn: Wei Wen (wei.wen@pjtpartners.com)).

10. Copies of the Bidding Procedures Motion, the Bidding Procedures, the Bidding Procedures Order, this notice, and certain other documents relevant to the Sale, may be obtained at the website maintained by KCC, at http://www.kccllc.net/Starry.  Copies of these documents also are available for inspection during regular business hours at the Office of the Clerk of the Court, located at 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and may be viewed for a fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

**FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER, OR ANY OTHER ORDER OF THE COURT IN THE CHAPTER 11 CASES MAY RESULT IN THE REJECTION OF YOUR BID.**

[*Remainder of page left intentionally blank.*]

| | |
|---|---|
| Dated:  March 22, 2023<br>          Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br> */s/ Joseph M. Mulvihill*                                                <br>Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>Joseph M. Mulvihill (No. 6061)<br>Timothy R. Powell (No. 6894)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  mnestor@ycst.com<br>            kcoyle@ycst.com<br>            jmulvihill@ycst.com<br>            tpowell@ycst.com<br><br>-and-<br><br>**LATHAM & WATKINS LLP**<br><br>Jeffrey E. Bjork (admitted *pro hac vice*)<br>Ted A. Dillman (admitted *pro hac vice*)<br>Jeffrey T. Mispagel (admitted *pro hac vice*)<br>Nicholas J. Messana (admitted *pro hac vice*)<br>355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071<br>Telephone:  (213) 485-1234<br>Facsimile:  (213) 891-8763<br>Email:  jeff.bjork@lw.com<br>            ted.dillman@lw.com<br>            jeffrey.mispagel@lw.com<br>            nicholas.messana@lw.com<br><br>Jason B. Gott (admitted *pro hac vice*)<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767<br>Email:  jason.gott@lw.com<br><br>*Counsel for Debtors and Debtors in Possession* |